GRANTHAM *v.* LAMAR COUNTY.*

(Division B.    Oct. 3, 1927.)

[114 So. 33.    No. 26556.]

1. HIGHWAYS. *Board of supervisors may acquire, by contract, right of way for change of road deemed necessary; although road may not be changed according to statute, contract between owner and county for right of way is valid (Laws 1924, chapter 282).*

The board of supervisors may acquire, by contract, a right of way for a change of road deemed necessary, and, although the road may not be changed in compliance with chapter 282, Laws of 1924, the contract between the owner and the county for the right of way is valid, and is not affected by any irregularity of proceeding in changing the road.

2. ATTORNEY AND CLIENT. *County is not liable to attorney assigned interest in suit on compromise with plaintiff who had accepted consideration for right of way for road.*

Where a person makes a contract, as indicated in the above syllabus, and accepts and retains the consideration, and afterwards makes an assignment to an attorney of an interest in the cause of action for bringing a suit against the county, this does not make the county liable to the attorney, as no right exists in the client, and this is not affected by the fact that the county compromises with the plaintiff by paying plaintiff a small sum for dismissal of the suit.

*Corpus Juris-Cyc. References: Attorney and Client, 6CJ, p. 790, n. 54 New; Highways, 29CJ, p. 504, n. 94 New.

APPEAL from circuit court of Lamar county.

HON. J. Q. LANGSTON, Judge.

Action by Mrs. Armindy Grantham against Lamar county, subsequently amended by eliminating Mrs. Armindy Grantham and making Levi Grantham plaintiff. From a judgment for defendant, Levi Grantham appeals. Affirmed.

*Broadus & Broadus,* for appellant.

It is the contention of appellant that there is no issue of fact that should have gone to the jury except the measure of damages done the property of Mrs. Grantham, and that they should have been so instructed to bring in a verdict for the plaintiff for fifty per cent of that damage. The defendant admitted the assignment. The defendant admitted that it knew of the assignment before it undertook to settle with Mrs. Grantham. The defendant admitted that it was indebted to Mrs. Grantham for damages done to this property and that she should be paid.

Refusal of the second instruction which as asked for by the plaintiff was tantamount to sustaining a demurrer to the declaration and annulling chapter 282, Laws of 1924, and also was an abridgment of the rights guaranteed under section 17, Constitution of Mississippi and a total disregard of section 2267, Hemingway's Code.

*T. W. Davis,* for appellee.

There was a question of fact to be decided by the jury as to the liability of the appellee and this question of fact was properly submitted to the jury and was decided in favor of appellee. Appellee plead and proved that it had an oral agreement with Mrs. Grantham before the road was constructed; that the road was constructed under the agreement and without any objection on the part of Mrs. Grantham; that the appellee paid Mrs. Grantham

the amount agreed upon; and that she accepted it and retained it; and, therefore, she was estopped to claim any further damages for the construction of the road over her land.

If Mrs. Grantham made an oral agreement and consented for the road to be built in consideration that the county furnish wire and posts for fencing her land, and the road was built under this agreement and the county furnished the wire and posts as it had agreed, and Mrs. Grantham accepted and retained same, then she is estopped to claim any further damages; and if she was estopped, Levi Grantham had no greater right than she had. His claim was founded upon her alleged cause of action; and if she was estopped, then his cause must fail. This question of fact was submitted to the jury, by the court under proper instructions, and the jury returned a verdict for the appellee and the finding of the jury is conclusive as to the facts in the case.

*Broadus & Broadus,* in reply, for appellant.

Counsel for appellee does not state that chapter 282, Laws of 1924, is void, neither does he state that real estate can be conveyed to a county by an oral agreement; but if both were true, then the pretended agreement which he attempted to plead was never carried out; and if it had been carried out, it was void on account of fraud, deceit and duress.

Levi Grantham had the same claim that his aunt had and appellee is estopped from saying that she had none. Further, she had a claim for damages as decided by this court in *Watts* v. *Covington County,* 120 Miss. 428, 82 So. 309, and her damages or the measure thereof was the value of the orchard and the damage to her place and the fair market value of the land appropriated, as decided in *Jackson* v. *Monroe County,* 86 So. 769. Mrs. Grantham was denied due process of law, and was entitled to compensation as decided in *Morris* v. *Covington*

*County*, 80 So. 337. Levi Grantham as assignee of fifty per cent interest in that claim was entitled to have the trial court grant him the peremptory instruction asked for.

ETHRIDGE, J., delivered the opinion of the court.

Mrs. Armindy Grantham filed a suit against Lamar county for laying out a public road across her premises, involving a change of the road between Hattiesburg and Columbia, claiming, as damages for said act, the sum of six hundred dollars. She made a contract with Levi Grantham to represent her and assigned to him fifty per cent. of the amount which might be recovered in said suit. Subsequent to filing such suit, the board of supervisors, by way of compromise paid Mrs. Grantham a small sum of money, but refused to pay appellant anything with reference to his contract. After the settlement was made with Mrs. Grantham, the declaration was amended so as to eliminate her from the suit, and the suit proceeded with Levi Grantham as plaintiff, and the county as defendant.

The county defended upon the theory that they made a contract with Mrs. Grantham at the time of opening the said highway through her lands, by which she consented that said road could go through her lands, and accepted and retained the benefit of the contract then made, and that they owed her nothing, in fact, when the suit was brought, and that their compromise with her in no respect affected their liability so far as appellant is concerned.

It appeared from the evidence that the highway from Hattiesburg to Columbia ran in front of Mrs. Grantham's property, and that the county authorities were trying to put the road in condition to turn over to the state highway commission as part of an interstate and intercounty highway; that when they reached Mrs. Grantham's place, it was found necessary, in order to

broaden to the extent of the necessary right of way for
acceptance of the road by the highway commission, to
remove certain shade trees in the highway; and that the
highway, as broadened, would come very near the well
used by Mrs. Grantham. The supervisor of that dis-
trict explained the situation to her, and told her they
could not pay her anything by reason of the destruction
of the shade trees, etc., but if she would consent, he would
change the road so as to remove it further to the north,
going through her place, and would leave the shade trees
and the old road, and that he would furnish her wire and
posts to fence along the new road, and that she consid-
ered the matter, and agreed to the proposition, and that
the county furnished the wire and posts for the building
of a fence, but when the county offered to build the fence,
she was uncertain where she desired it placed, and the
material was left on the ground with the agreement that
she would put up the fence to suit herself, all in accord-
ance with her contract, and was accepted and retained
by her. That when she afterwards brought suit, the
matter was discussed, and a member of the board thought
it would be just and reasonable to allow her an additional
sum for the necessary expense of putting up the fence;
but they did not feel obligated to do so, as they had al-
ready made a valid contract with her. The matter was
submitted to a jury on appropriate instructions involv-
ing this theory of the county, and the jury returned a
verdict in accordance with the county's contention.

It seems to be the idea of the appellant that the board,
in making a change in said public highway, did not have
a petition signed by freeholders, as required by chapter
282, Laws of 1924, and that, by reason of this fact, the
road was illegally laid out, and that Mrs. Grantham had
a right of action for damages because the statute was not
complied with, and the whole agreement was illegal. We
are unable to accept this view. It may be that the board
did not proceed according to law in making the change in
the public highway, but the plaintiff, Mrs. Grantham,

proceeded upon the idea that they were acting for the county, and sued the county because the road had been laid out through her place. We think the county had the right to purchase a right of way for a road, and the agreement testified to by witnesses for the county sufficiently established the right of the county to this right of way, and, so far as this lawsuit is concerned, it is immaterial whether the statute was complied with in its making or not. Whether the road be laid out and established in no manner affects the county's title to a right of way which it acquired by such negotiations in laying out the road. A different question might be presented if some property owner was contending that the road was not, in fact, changed, and contending for the right to travel over the old road, or claiming damages for the abandonment of the old road.

The county's evidence established a valid agreement for this right of way through the land prior to the filing of the suit, and, consequently, at the time the suit was filed, there was no legal right in plaintiff to maintain a suit against the county, and as appellant only acquired a fifty per cent. interest in such right, and as Mrs. Grantham had secured no right of action herself, consequently, the judgment must be affirmed.

*Affirmed.*